# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

BRIAN T. JORDAN                                                                      PETITIONER


v.                                     NO. 5:13CV00375 BSM/HDY


RAY HOBBS, Director of the                                                  RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

<u>RECOMMENDATION</u>

<u>STATE AND FEDERAL COURT PROCEEDINGS</u>. "On February 27, 2010, the Benton County Sheriff's Department responded to a call that a seventy-five-year-old female had been sexually assaulted in her home." <u>See</u> <u>Jordan v. State</u>, 2013 Ark. 469, — S.W.3d —, 2013 WL 6046053 at 1 (2012). The victim identified her attacker as petitioner Brian T. Jordan ("Jordan"), a former neighbor. He was charged with the assault and proceeded to trial, at which the following occurred:

> ... [Jordan's] defense was that he did not rape the victim, rather that she offered him $100 to have sex with her. ... During his direct examination, [Jordan] admitted that he had four prior felony convictions—arson, terroristic threatening, first-degree carnal abuse, and failure to register as a sex offender. ... Other evidence at trial included the testimony of the nurse who examined the victim for sexual assault, who testified that the victim sustained injuries beyond the labia majora and that penetration must have occurred to sustain such injuries. Finally, the DNA analyst with the State Crime Lab who performed the DNA testing testified that DNA recovered from a swab of the victim's right breast was consistent with DNA from the saliva sample from [Jordan].

<u>See</u> <u>Id</u>. at 3. Jordan was convicted of rape and sentenced as an habitual offender to the custody of respondent Ray Hobbs ("Hobbs"). Jordan appealed his conviction.[1] The Arkansas Supreme Court found no reversible error and affirmed his conviction. <u>See</u> <u>Jordan v. State</u>, 2012 Ark. 277, 412 S.W.3d 150, 2012 WL 2355587 (2012).

---

[1]

On appeal, Jordan argued that "the trial court erred in allowing prior offenses into evidence and that he was entitled to a new trial due to the trial court's bias against him." <u>See</u> <u>Jordan v. State</u>, 2013 WL 6046053 at 1.

Jordan next filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. In the petition, he challenged his trial attorney's representation. The state trial court judge denied the petition, and Jordan appealed. He filed a motion for extension of time during the pendency of the appeal, and the state Supreme Court used the occasion of addressing his motion to evaluate the merits of his appeal. The state Supreme Court employed the well-established two-part test from Strickland v. Washington, 466 U.S. 668 (1984), and found that with respect to Jordan's numerous claims of ineffective assistance of counsel, he could not show that his attorney committed error and that prejudice resulted. Because the state Supreme Court found the claims warranted no relief, the appeal was dismissed. See Jordan v. State, 2013 Ark. 469, — S.W.3d. —, 2013 WL 6046053 (2013).

Jordan thereafter commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his trial attorney's representation and offered four reasons why counsel erred.

Hobbs filed a response to the petition and asked that it be dismissed. It was his position that the state Supreme Court addressed Jordan's claims of ineffective assistance of counsel on the merits, and 28 U.S.C. 2254(d) is therefore applicable. Hobbs maintained that Jordan cannot show that the state Supreme Court's adjudication of the claims resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented.

Jordan filed a reply to Hobbs' response. Although a brief summary of Jordan's reply is not easy, he appeared to maintain that the state Supreme Court's adjudication of his claims of ineffective assistance of counsel should not be accorded any deference. He appeared to so maintain for at least two reasons. First, he maintained that his state trial court petition for post-conviction relief was denied without a hearing, thereby depriving the state Supreme Court of an adequate record for review. Second, Jordan maintained that the findings of facts made by the state Supreme Court are clearly erroneous. In support of the latter assertion, and also apparently as an independent claim, he maintained that he is actually innocent of raping the seventy-five-year-old victim.[2]

After thoroughly reviewing the record in this case, and for the reasons that follow, the undersigned finds that Jordan's claims warrant no relief. The undersigned therefore recommends that his petition be dismissed. All requested relief should be denied, and judgment should be entered for Hobbs. The undersigned additionally recommends that a certificate of appealability be denied.

---

[2]

With regard to the victim's testimony, testimony in which she identified Jordan as her attacker, he maintained that she gave false and/or conflicting testimony as to the identity of her attacker. He buttressed that assertion by maintaining that another person later confessed to attacking the victim. With regard to the physical evidence showing injuries to the victim, Jordan maintained that "[the victim's] injuries evidencing penetration of the labia minora could have been caused by masturbation or other events ... [and] it was never proven the evidence of penetration was really caused by [an] alleged rape ..." See Document 14 at 5. As to how Jordan's DNA came to be found on the victim's breast, he maintained that "the night before the alleged rape, [the victim] had come on [to him] in his truck and offered him a hundred dollars to sleep with her and had kissed [him] and pulled his head down on her right breast, and [she] had not taken a bath or shower in between the encounter in Jordan's truck and the alleged rape ..." See Document 14 at 5.

28 U.S.C. 2254(d). A decision by a state court with respect to any claim adjudicated on the merits is entitled to deference by the federal courts. See Worthington v. Roper, 631 F.3d 487 (8th Cir. 2011). Relief cannot be granted on the claim unless the adjudication resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See Id. at 495 [quoting 28 U.S.C. 2254(d)].[3] This standard is "difficult to meet." See White v. Woodall, — S.Ct. —, 2014 WL 1612424 at 4 (U.S. April 23, 2014) [internal quotations and citations omitted].

Hobbs maintains that the undersigned should undertake only a limited and deferential review of the state Supreme Court's decision as Jordan's claims of ineffective assistance of counsel were addressed on the merits. Jordan disagrees because his state trial court petition for post-conviction relief was denied without a hearing, thereby

---

[3]

A state court decision is "contrary to clearly established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if it confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that of the Supreme Court." See Armstrong v. Hobbs, 698 F.3d 1063, 1066 (8th Cir. 2012) [quoting Williams v. Taylor, 529 U.S. 362 (2000)] [internal quotations and brackets omitted]. A state court decision is "an unreasonable application of clearly established federal law if [it] is clearly erroneous, that is, if no fairminded jurists could disagree on the correctness of the state court's decision." See Id. [quoting Harrington v. Richter, — U.S. —, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)]. A state court decision involves "an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings are rebutted by clear and convincing evidence and do not enjoy support in the record." See Morales v. Ault, 476 F.3d 545, 550 (8th Cir. 2007) [internal quotations omitted].

depriving the state Supreme Court of an adequate record for review. The undersigned knows of no authority supporting the proposition that 28 U.S.C. 2254(d) is inapplicable when a petitioner's state trial court petition for post-conviction relief was denied without hearing. 28 U.S.C. 2254(d) contains no such provision.

The state trial court judge denied Jordan's petition "after reviewing the pleadings [and] transcripts," see Document 10, Exhibit C at 244, and the state Supreme Court found that the state trial court judge's order denying Jordan's petition complied with Arkansas Rule of Criminal Procedure 37.3, see Jordan v. State, 2013 WL 6046053 at 1 n.1. On appeal, the state Supreme Court conducted its own review of the record and noted that its dismissal of Jordan's appeal was based on "[t]he documents submitted by [him] in support of his petitions …, see Id. at 2.[4] Although no hearing was ever held, Jordan has not shown why the record before the state courts was incomplete. Are the state Supreme Court's findings of fact clearly erroneous? This much is clear: he has not shown by clear and convincing evidence that the state Supreme Court's findings of fact are clearly erroneous. See 28 U.S.C. 2254(e)(1). The undersigned will therefore undertake only a limited and deferential review of the state Supreme Court's decision, assuming of course that Jordan's claims were adjudicated on the merits.

STANDARD OF REVIEW. Jordan challenges his trial attorney's representation and

---

[4]

Arkansas Rule of Criminal Procedure 37.3 provides that "an evidentiary hearing should be held in postconviction proceedings unless the files and records of the case conclusively show that the prisoner is entitled to no relief." See Jordan v. State, 2013 WL 6046053 at 1, n.1. When a petition is dismissed without a hearing, the state trial court judge shall make written findings, "specifying any parts of the files, or records that are relied upon to sustain the court's findings." See Id.

offers four reasons why counsel erred. Jordan's claims are governed by <u>Strickland v.</u>
<u>Washington</u>, 466 U.S. 668 (1984), which requires a two-part showing. First, he must show
that counsel's performance fell below an objective standard of reasonableness. Second,
Jordan must show prejudice, that is, "a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different." <u>See</u>
<u>Cochran v. Dormine</u>, 701 F.3d 865, 869 (8th Cir. 2012). Taken together with 28 U.S.C.
2254(d), <u>Strickland v. Washington</u> establishes a "doubly deferential standard of review."
<u>See</u> <u>Williams v. Roper</u>, 695 F.3d 825, 831 (8th Cir. 2012) [internal quotation omitted].

<u>CLAIM ONE</u>. Jordan first maintains that his trial attorney provided ineffective
assistance when counsel failed to introduce a letter that would have exonerated Jordan.
In support of his claim, he alleges the following:

> In September [of] 2010, Cleo Horton confessed by way of a letter he
> [wrote] to … Benton County Prosecutor Van Stone stating [Horton] had
> been made a deal if he lied for [Benton County Investigator Kenneth] Paul,
> [Horton] would get probation and stated in the letter he did not [want] to
> see [Jordan] get into trouble for what his brother Dennis did and that it was
> himself, Dennis Jordan, and someone named Mike [who] had raped Norma
> Billings the night she claims she was raped by [Jordan].

<u>See</u> Document 2 at 5.

The undersigned has reviewed the state Supreme Court's decision and finds that
the claim was addressed on the merits. The state Supreme Court did so in the context of
making the following findings of fact and conclusions of law:

> The documents submitted by [Jordan] in support of his petitions

included an "Affidavit of Probable Cause to Obtain an Arrest Warrant" in which Investigator Kenneth Paul of the Benton County Sheriff's Office attested that, on February 27, 2010, the sheriff's office began an investigation into the rape of a seventy-five-year-old victim that led to the arrest of [Jordan]. Investigator Paul further attested that on May 28, 2010, [Jordan], while an inmate in the Benton County jail, gave investigators the name of Cleo Horton, who was also an inmate in the jail, as a witness to the victim offering money in exchange for sex. During the interview, ... Horton told Investigator Paul that [Jordan] was his cousin and that the victim had offered him [the undersigned understands "him" to mean Horton] $375 in exchange for sex on three or four occasions. According to the affidavit, Investigator Paul continued the interview and then turned off the audio recording in preparation of taking ... Horton back to jail. After determining that ... Horton's narrative was strikingly similar to [Jordan's] statement, Investigator Paul told ... Horton that he would be charged if it was determined that he was being untruthful and that this was his opportunity to tell the truth. According to Investigator Paul, ... Horton then stated that he made up the story because [Jordan] told [Horton] that if [Horton] could get [Jordan] out of jail, [Jordan] would post [Horton's] bond. ... Horton stated that the victim had told him that the victim had never offered sex to anyone, and [Horton] apologized for lying. According to the affidavit, ... Horton stated that [Jordan] asked [Horton] to lie "to try to cover up what [Jordan] did." [Jordan] also included several incident reports prepared by the sheriff's office in the documents submitted in support of his petitions. One report referred to a September 2010 letter received by the prosecuting attorney's office allegedly written by ... Horton. The letter stated that ... Horton lied when he recanted his statement in the May interview in order to cover up his participation in the robbery of the victim and because he was promised probation by Investigator Paul. In the letter, ... Horton's name was spelled incorrectly. Investigators then interviewed ... Horton, who stated that he did not write the letter. [Jordan] also included two affidavits, dated August 24 and 25, 2011, and allegedly prepared by ... Horton. In one affidavit, the affiant stated that investigators coerced him into recanting his statement in May that the victim had offered him money in exchange for sex. In a second affidavit, the affiant stated that investigators coerced him into denying that he wrote the September letter. ...

See Jordan v. State, 2013 WL 6046053 at 2. The state Supreme Court found that counsel

did not err in failing to introduce the letter because Jordan's claims related to Horton were tenuous at best, and counsel's strategic decision not to introduce the letter would not be second-guessed. The state Supreme Court also found no prejudice as "[Jordan] did not carry his burden to show that the outcome of his trial would have been different if the evidence that he advocated had been introduced." See Id.

Jordan has not shown that the state Supreme Court's adjudication of his first claim resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. The state Supreme Court correctly identified Strickland v. Washington as the standard for assessing counsel's representation, and there is nothing to suggest that the state Supreme Court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question or law or decided this case differently than the United States Supreme Court has on a set of materially indistinguishable facts. In addition, the state Supreme Court did not unreasonably apply the Strickland v. Washington standard to the facts of this case. See Yang v. Roy, 743 F.3d 622 (8th Cir. 2014) (ruling "unreasonable application" if state court identifies correct standard but unreasonably-rather than erroneously or incorrectly-applies standard to facts). To the contrary, the state Supreme Court identified specific facts that reasonably demonstrate counsel did not err when he did not introduce the letter and, alternatively, the state Supreme Court identified specific facts that reasonably demonstrate there was no prejudice from counsel's failure to introduce the letter.

Jordan has also not shown that the state Supreme Court's adjudication of his first claim resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented. As the state Supreme Court could and did find, the letter was of questionable evidentiary value, in large part because it is not clear that Horton actually wrote the letter. Assuming, _arguendo_, that he wrote the letter and counsel erred by failing to introduce it, the state Supreme Court could and did find no reasonable probability that the result of the trial would have been different had the letter been introduced. The victim identified Jordan as her attacker and testified that the encounter was not consensual. _See_ Transcript at 357-359, 371-372, 374-375, 376. There is also physical evidence to substantiate the victim's testimony. A nurse testified that the victim sustained injuries beyond the labia majora and some sort of penetration caused the injuries. _See_ Transcript at 385-386. A DNA analyst with the Arkansas State Crime Lab testified that DNA found on the victim's right breast originated from Jordan "within all scientific certainty." _See_ Transcript at 427. Not only are the foregoing facts presumed to be correct, _see_ _Grass v. Reitz_, — F.3d —, 2014 WL 1491881 (8th Cir. 2014) (determination of factual issue by state court presumed correct), there is support in the record for them.

The undersigned finds that 28 U.S.C. 2254(d) controls the disposition of Jordan's challenge to his attorney's failure to introduce the letter allegedly written by Horton. The paragraph compels the conclusion that the claim warrants no relief as the state Supreme Court did not make an unreasonable adjudication of the claim.

CLAIM TWO. Jordan next maintains that his trial attorney provided ineffective assistance when counsel failed to introduce evidence of tampering by police investigators. In support of his claim, he alleges the following:

> Investigators [Kenneth] Paul and [Jeremy] Felton had both threatened Cleo Horton into changing his statement of Norma Billings trying to offer [Horton] money for sex several different times and … Paul and Felton threatened Cleo Horton into denying he had [written] the confession letter. [Jordan's] trial attorney stated [that] everyone [knows] Benton County is crooked but we cannot talk about it [when asked] about it.

See Document 2 at 7, 6.

The undersigned has reviewed the state Supreme Court's decision and finds that the claim was addressed on the merits. Relying upon the facts previously set forth by the undersigned, see supra at 9, the state Supreme Court found that counsel did not err by failing to introduce evidence of tampering by police investigators. Specifically, the state Supreme Court found that "[b]ecause the evidence supporting [Jordan's] claims related to … alleged police misconduct was tenuous, at best, counsel made a strategic decision not to introduce the evidence or raise related arguments," see Jordan v. State, 2013 WL 6046053 at 3, and counsel's decision would not be second-guessed. In addition, given the ample evidence of Jordan's guilt, the state Supreme Court could and did find that no prejudice resulted from counsel's failure to introduce evidence of tampering by police investigators.

-12-

Jordan has not shown that the state Supreme Court's adjudication of his second claim resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. The state Supreme Court correctly identified Strickland v. Washington as the proper standard for assessing counsel's representation and did not unreasonably apply the Strickland v. Washington standard to the facts of this case. To the contrary, the state Supreme Court identified specific facts that reasonably demonstrate counsel did not err when he did not introduce evidence of tampering by police investigators and, alternatively, the state Supreme Court identified specific facts that reasonably demonstrate there was no prejudice.

Jordan has also not shown that the state Supreme Court's adjudication of his second claim resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented. There is little evidence that Horton was coerced into retracting his statement. The only comment that could possibly be construed in such a manner appears to be a comment made by Investigator Kenneth Paul ("Paul"), who told Horton that "he would be charged if it was determined that he was being untruthful and that this was his opportunity to tell the truth." See Jordan v. State, 2013 WL 6046053 at 2. Assuming, arguendo, that Paul's comment was a indeed a threat, and counsel erred by failing to introduce evidence relevant to that issue, the state Supreme Court could and did find that Jordan suffered no prejudice as he cannot show a reasonable probability the outcome of his trial would have been different had the evidence been introduced.

The undersigned finds that 28 U.S.C. 2254(d) controls the disposition of Jordan's challenge to his attorney's failure to introduce evidence of tampering by police investigators. The paragraph compels the conclusion that the claim warrants no relief as the state Supreme Court did not make an unreasonable adjudication of the claim.

CLAIM THREE. Jordan next maintains that his trial attorney provided ineffective assistance when counsel failed to introduce evidence of tampering by the prosecuting attorney. In support of his claim, Jordan alleges that a deputy prosecuting attorney gave Jordan's mother a "very sick and disturbing" letter allegedly written by Jordan in an apparent attempt to persuade her not to testify. See Document 2 at 8.

The undersigned has reviewed the state Supreme Court's decision and finds that the claim was addressed on the merits. The state Supreme Court did so in the context of making the following findings of fact and conclusions of law:

> … With the submitted documents, [Jordan] included an affidavit of his mother stating that the prosecuting attorney gave her the letter, but [Jordan] did not include a copy of the alleged letter. He contended that if counsel had informed the court of the prosecuting attorney's actions, the court could have investigated the matter to see if other witnesses had been approached by the prosecution. [Jordan] also argued that the information would have raised doubt as to his guilt. Even if the allegation were true, [Jordan] did not raise any meritorious argument that the letter had any effect on the outcome of his case … In fact, he admitted in his petition that his mother testified on behalf of the defense that he was at her home at the time of the rape. …

See Jordan v. State, 2013 WL 6046053 at 5.

-14-

Jordan has not shown that the state Supreme Court's adjudication of his third claim resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. The state Supreme Court correctly identified <u>Strickland v. Washington</u> as the proper standard for assessing counsel's representation and did not unreasonably apply the <u>Strickland v. Washington</u> standard to the facts of this case. Instead, the state Supreme Court identified specific facts that reasonably demonstrate counsel did not err when he did not introduce evidence of tampering by prosecuting attorney and, alternatively, the state Supreme Court identified specific facts that reasonably demonstrate there was no prejudice.

Jordan has also not shown that the state Supreme Court's adjudication of his third claim resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented. Although he failed to provide the state Supreme Court with a copy of the letter, it appears that he submitted the letter in support of the petition at bar. <u>See</u> Document 2 at 128-130. Assuming, <u>arguendo</u>, that the exhibit is the letter that was given to his mother, the letter and the actions of the deputy prosecuting attorney are of questionable evidentiary value. They did not prevent Jordan's mother from testifying on his behalf, <u>see</u> Transcript at 448-457, and he has not identified any other witness who was coerced or otherwise intimidated by the prosecution. Moreover, given the ample evidence of his guilt, he can show no prejudice as there is no reasonable probability that the result of the trial would have been different had the letter and the actions of the prosecuting attorney been introduced.

The undersigned finds that 28 U.S.C. 2254(d) controls the disposition of Jordan's challenge to his attorney's failure to introduce evidence of tampering by the prosecuting attorney. The paragraph compels the conclusion that the claim warrants no relief as the state Supreme Court did not make an unreasonable adjudication of the claim.

CLAIM FOUR. Jordan last maintains that his trial attorney provided ineffective assistance when counsel failed to effectively cross-examine the victim. In support of the claim, he alleges that counsel did not adequately question the victim about her conflicting statements regarding the attack.

The undersigned has reviewed the state Supreme Court's decision and finds that the claim was addressed on the merits. The state Supreme Court did so in the context of making the following findings of fact and conclusions of law:

> … [Jordan] alleged that counsel was deficient in not questioning the victim regarding allegedly conflicting statements, in refusing to ask the victim whether the injuries evidencing penetration of the labia majora could have been caused by masturbation or other events, and in refusing to question the victim as to whether she offered to pay [Jordan] in exchange for sex on the night before the rape. The manner of questioning a witness is by and large a very subjective issue about which different attorneys could have many different approaches. … Those decisions are a matter of professional judgment, and matters of trial tactics and strategy are not grounds for postconviction relief on the basis of ineffective assistance of counsel, even if a decision proves unwise. … Here, counsel's decision not to impeach the rape victim or ask potentially inflammatory questions was a matter of trial tactics …

See Jordan v. State, 2013 WL 6046053 at 4.

Jordan has not shown that the state Supreme Court's adjudication of his fourth claim resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. The state Supreme Court correctly identified Strickland v. Washington as the proper standard for assessing counsel's representation and did not unreasonably apply the Strickland v. Washington standard to the facts of this case. Instead, the state Supreme Court identified specific facts that reasonably demonstrate counsel did not err in the manner in which he cross-examined the victim and, alternatively, the state Supreme Court identified specific facts that reasonably demonstrate there was no prejudice.

Jordan has also not shown that the state Supreme Court's adjudication of his fourth claim resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented. Although counsel's cross-examination of the victim was not lengthy, see Transcript at 370-375, it did touch on her recollection of the events on the night in question and on her ability to identify her attacker. Should counsel have impeached the victim or otherwise asked her what the state Supreme Court characterized as "potentially inflammatory questions?" The undersigned need not answer that question because counsel's decision not to impeach the victim or otherwise ask her such questions was a matter of trial tactics and will not be second-guessed. Moreover, given the ample evidence of Jordan's guilt, he can show no prejudice as there is no reasonable probability that the result of the trial would have been different had the victim been more vigorously cross-examined.

The undersigned finds that 28 U.S.C. 2254(d) controls the disposition of Jordan's challenge to his attorney's failure to effectively cross-examine the victim. The paragraph compels the conclusion that the claim warrants no relief as the state Supreme Court did not make an unreasonable adjudication of the claim.

ACTUAL INNOCENCE AS AN INDEPENDENT CLAIM. Liberally construing Jordan's pro se petition, he also maintains that he is actually innocent.[5] Although Jordan did not raise the claim in the state courts of Arkansas, and it is therefore likely procedurally barred from federal court review, the undersigned will nevertheless briefly address the claim on the merits. After reviewing the record, including his assertion that a third-party confessed to committing the attack, it cannot be said that Jordan has presented "new reliable evidence that he [is] innocent of the crime of which he was convicted." See Storey v. Roper, 603 F.3d 507, 524 (8th Cir. 2010). The evidence is not "new," that is, the evidence was available to his defense at the time of trial. Alternatively, to the extent it is "new," it cannot be said that it would have altered the outcome of his trial. As the undersigned has noted, the victim positively identified Jordan as her attacker, and there is physical evidence to support her testimony.

---

[5] Although the United States Supreme Court has suggested that a "stand-alone claim of actual innocence may be cognizable," the Court has not "articulated a standard of proof that might apply to such a claim ..." See Nooner v. Hobbs, 689 F.3d 921, 933 n.7 (8th Cir. 2012) [citing House v. Bell, 547 U.S. 518 (2006), and Herrera v. Collins, 506 U.S. 390 (1993)]. At a minimum, "some justices have stated that any such standard would be more stringent than that required to prove actual innocence for gateway purposes." See Nooner v. Hobbs, supra. "Actual innocence for gateway purposes" is a means by which an otherwise procedurally barred claim can be considered by the federal courts.

For the foregoing reasons, the undersigned finds that Jordan's claims warrant no relief. The undersigned recommends that his petition be dismissed. All requested relief should be denied, and judgment should be entered for Hobbs. The undersigned additionally recommends that a certificate of appealability be denied.

DATED this ____1____ day of May, 2014.


_____
UNITED STATES MAGISTRATE JUDGE